In the matter of Sipperly.

[ALBANY GENERAL TERM, September 7, 1863. *Gould, Hogeboom* and *Miller,* Justices.]

---

In the matter of the application of ACHSAH SIPPERLY for the admeasurement of dower.

A widow's estate in dower is favored in the law, and proceedings having in view its enforcement or establishment should be encouraged, rather than defeated.

She may therefore apply by petition for the appointment of commissioners to admeasure her dower, notwithstanding a partition suit has been commenced, for the partition of the premises in which dower is claimed, to which suit she is a party.

In the matter of Sipperly.

The fact that a partition suit has been already commenced, and by it the court has obtained jurisdiction of the widow's rights and interests in the premises, is no reason for preventing her from acquiring a better and superior title. If, in the race of diligence, she can procure the admeasurement of her dower before the partition proceedings are ripe for a decree of sale, she is legally entitled to the fruits of such diligence.

APPEAL from an order of Justice PECKHAM, made at a special term, refusing the appointment of commissioners to admeasure dower, upon the ground that a partition suit to which the applicant, Achsah Sipperly, was a party had been previously commenced, for the partition of the same premises in which dower is claimed in the complaint; in which suit it is admitted that the petitioner is entitled to dower; and in which complaint it is also averred and admitted that the parties to the partition suit derived their title to the premises mediately or immediately, from John Sipperly, the former husband of the said Achsah Sipperly.

*R. B. Monell,* for the petitioner, (appellant.)

*John Gaul, Jr.* for the owners in fee, (respondents.)

*By the Court,* HOGEBOOM, J. The title of a doweress in land of which her husband died seised, is materially different, before admeasurement of dower, from what it is after such admeasurement. In the former case it is a *claim* of dower; in the latter case, an *estate* in the premises. In the former case it is under the control of the courts, under provisions of statute law in regard to the sale of infants' estates — of the estates of deceased persons for the payment of debts — and in partition suits; and may be *sold* in the discretion of the court, so as to pass a complete and unincumbered title to the purchaser. In the latter case it can not be sold. It is an estate higher than that of the heirs or devisees of the deceased husband and father, and takes precedence of the latter; being equal in dignity to that of the husband, and arising out of the marriage, and incapable of being defeated or

disposed of by him without the consent of the wife. (*Lawrence* v. *Miller*, 2 *N. Y. Rep.* 245. 2 *Rev. Stat.* 196, 321, 325, 105, 106, 488, 489, 491. 3 *id. 5th ed.* 276, 609, 613, 192, 194, 791, 793.)

Hence it can not, when in the latter condition, (that is, admeasured,) be sold under a decree in a partition suit. The widow may recover it in an action of ejectment. (2 *R. S.* 491, *5th ed.* 793.) And she can not be made a party to an action of partition for the division or sale of the premises. (2 *R. S.* 318, *5th ed.* 605.)

The judgment in the partition suit has no effect upon her rights in the lands partitioned. (2 *R. S.* 323.) And it has been held, though I think this would not be so under the statute of 1847, (3 *R. S. 5th ed.* 609, § 33,) that in such a case her dower can not be set off in the proceedings in the partition suit. (*Tanner* v. *Niles*, 1 *Barb. S. C. Rep.* 560.) It is true, in the event of a sale, her interest may be sold with the rest, and herself subjected to a portion of the costs in the partition suit. (2 *R. S.* 323.) But this may be a reason for guarding her rights more effectually by an assignment of dower.

If the dower in this case had been admeasured before the commencement of the action for partition, there would have been a perfect defense on the part of the widow, to the partition proceedings. Such an estate can not be sold. She holds it under a title superior to that of the heirs or devisees of the husband. And I think it follows that if her dower is admeasured before the parties in the partition suit are in a condition to ask the decree of the court for a partition or sale, her estate is equally protected from sale in the partition proceedings. She has in that case, since the commencement of the action, become possessed of an estate in the premises superior to that which is the subject of partition or sale. And she might, I think, put in a supplemental answer setting forth such title and protecting it from the decree of sale. I see no reason why this could not be done. Her estate is

In the matter of Sipperly.

favored in the law, and proceedings having in view its enforcement or establishment should be encouraged rather than defeated.

It is said that the partition suit was first commenced, and by it the court obtained jurisdiction of her rights and interests in the premises. This is true, but is no reason for preventing her from acquiring a better and superior title. So long as her rights remain in the condition in which the partition suit at its origin found them, they are subject to the provisions of law in regard to them; but when her rights have, in the progress of the suit, ripened into a superior title, I think such title may be interposed in this suit as an effectual bar to further proceedings against her. And the acquisition of such superior title ought not, I think, to be impaired or defeated by injunction, or by any refusal on the part of the judicial tribunals to carry forward legitimate proceedings having in view the acquisition of such a title during the pendency of the partition suit. If, in the race of diligence, she can procure the admeasurement of her dower before the partition proceedings are ripe for a decree of sale, I think she is legally entitled to the fruits of such diligence. At all events, I think no obstacle to the consummation of her title should be interposed by the court.

Her proceedings under the petition for the admeasurement of dower being regular, her title to dower undisputed, her right to consummate those proceedings undoubted, and the effect of such consummation in the highest degree important to her legal interests, I think they should have been permitted to pass forward in the ordinary way, towards their conclusion, without interruption on account of other proceedings having been first commenced, to which she was made a party, and having in view mainly a different object.

The views here expressed are based entirely upon general considerations of the law applicable to this subject. There may be reasons connected with the particular case why the assignment of dower in the lands in question may operate

injuriously on the other parties; but such considerations can not be allowed to influence our construction of legal principles. The difficulties suggested, growing out of the special facts of this case, must be met and obviated in the best way they can, when they are presented for adjudication.

I am of the opinion that the order of the special term was erroneous, and should be reversed, with ten dollars costs.

