New York County.— HON. D. C. CALVIN, Surrogate.— February, 1877.

## MATTER OF HUGHES.

*In the matter of the petition of* Mary Hughes *for admeasurement of her dower in the estate of* Joseph Hughes, *deceased.*

The pendency of a suit for partition of the real estate of a decedent, in which the widow appears and sets up her claim for dower, is not, when no decree has been made in such suit granting dower to her, a bar to a proceeding by the widow in the Surrogate's Court to have her dower admeasured.

Mary Hughes, the widow, petitioned for the admeasurement of her dower in lands and premises described in the petition, and for the appointment of freeholders

for the purpose of making such admeasurement. The counsel for the heirs-at-law put in an affidavit by way of defence to the petition, alleging that an action for partition and sale of said premises had been brought in the Supreme Court by one of the heirs-at-law, wherein all persons interested, including the petitioner, were made parties, and that the petitioner had served her answer setting up her dower and claiming an accounting for her share of the rents and profits of said premises since the death of her husband; that all the rights of petitioner could be disposed of in said partition action, and the granting of the petition herein would be a hardship by way of additional unnecessary expense, and also alleging on information and belief that decedent's interest in said real estate would not exceed $5,500, there being a mortgage upon said premises of $500, to which lien the widow's dower was subordinate.

The action of partition was at issue as to all the parties when this petition was made.

A. J. PERRY, *for the doweress.*

JOHN VINCENT, *for the heir-at-law.*

THE SURROGATE.— In the Matter of Sipperly, (44 *Barb.*, 370,) the objection raised by counsel for the guardians in this matter seems to be substantially settled. There Hogeboom, J. explains the distinction between the claim of doweress before and after admeasurement. In that case, the court at Special Term had refused to appoint commissioners to admeasure dower, upon the ground that the partition suit, to which the doweress was a party, had been previously commenced for partition of the same premises, in which it was

admitted that the petitioner was entitled to the dower, and this order of refusal was reversed by the General Term. The same case holds that the estate of the widow as dowress is favored in the law, and that proceedings to enforce such estate should be encouraged rather than defeated.

In the matter under consideration, it does not appear that any decree has been reached in the partition suit, and it is quite likely that this proceeding, which is taken for the purpose of establishing a superior title, may be consummated before the decree shall be reached in the partition suit.

I see nothing in the facts stated to be included in her answer in that suit, to preclude her from the enforcement of her rights, by way of admeasurement of her dower.

I am therefore of opinion that the order applied for should be granted.

Order accordingly.